UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:12-CV-62-TC |
| Plaintiff, | |
| v. | FINDINGS and RECOMMENDATION and ORDER |
| ROBERT A. LUND and COLLEEN L. LUND, | |
| Defendants. | |

COFFIN, Magistrate Judge:

This is an action brought by the United States to reduce tax assessments to judgment.

There are several motions presently before the court.

A. <u>Defendants' Motion to Dismiss</u>

Pro se defendants Robert and Colleen Lund have filed a motion (#34) to dismiss. Defendants argue that the United States failed to make timely assessments of penalties and interest and failed to file this action within the statute of limitations.

Page 1 - FINDINGS and RECOMMENDATION and ORDER

Defendants' arguments fail. First, the assessment statute of limitations set out in 26 U.S.C. §6501 (1) (a) does not apply to failure to file penalties and interest, both of which accumulate beyond the three year period set by §6501(a). Second, the collection statute of limitations in 26 U.S.C. § 6502 was suspended by the Lunds' request for a collection due process hearing, and this action was filed within the extended deadline.

1. <u>The assessments of interest and failure to pay penalty were timely because the three year statute of limitations does not apply</u>

Defendants argue that certain assessments fail after the running of the three year statute of limitations. However, the assessments defendants challenge are not assessments of tax; they are assessments of failure to file penalties, interest and fees. That is an important difference because the three year statute of limitations does not apply to those types of assessments.

First, it is clear the three year statute of limitations does not apply to interest. 26 U.S.C. §6601(g). Second, the three year statute of limitations also does not apply to the penalty for failing to pay taxes due. It is true that § 6501(a) provides that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)." And 26 U.S.C. §6665(b) provides that "[e]xcept as otherwise provided in this title ... reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter." Conceivably §6665(b) could apply §6501(a)'s three year statute of limitations to penalties. But as set forth below, if §6665 were read to require all penalties to be assessed within three years of the date that the return was filed, it would vitiate a portion of the language in the penalty statute itself, 26 U.S.C. §6651(a)(3). This court should and hereby does avoid that result. <u>See, e.g., Am. Vantage</u>

Page 2 - FINDINGS and RECOMMENDATION and ORDER

Cos. V. Table Mountain Rancheria, 292 F.3d 1091, 1098 (9th Cir. 2002)(noting that statutes should not be construed to create surplusage).

Under §6651(a)(3) and § 6303(a), the penalty cannot begin to accrue until the Internal Revenue Service has determined that there is an additional amount of tax due that was not shown on the return, has assessed the tax, and has demanded payment of the additional tax. That cannot happen until the return is filed. The penalty then continues to increase each month for 4 years and two months. If the penalty were required to be assessed within three years of the return being filed, it would never be able to accrue to the full amount provided in the statute. Consequently, every court to consider the issue has held that § 6651(a)(3) creates an exception to the three year statute of limitations. See, e.g., United States v. Krasnow, 548 F. Supp. 686 (S.D.N.Y. 1982); Bob Hasmic Chevrolet, Inc. v. United States IRS, 849 F.Supp 500, 515 (W.D. Tex. 1994); see also In re Gurley, 335 B.R. 389, 393 (Bankr. W.D. Tenn. 2005)(reaching same result with respect to §6651(a)(2)). This court does the same.

Finally, for similar reasons, it is plain that the United States can continue to assess fees more than three years after the return was filed. See 26 U.S.C. §6331(a); 26 U.S.C. §6321. These statutes contemplate that fees may accrue - and be collected - during the United States' attempts to collect unpaid taxes. Accordingly, such fees are governed by the ten year collection statute of limitations in 26 U.S.C. §6502, not the three year statute of limitations for assessment of taxes in U.S.C. §6501.

2. The action was filed in a timely manner because the Lunds' request for a collection due process hearing and Robert Lund's Bankruptcy petition tolled the statute of limitations

Defendants also contend that the United States failed to initiate this action within ten years of the assessment dates. They correctly note that the earliest assessment alleged in the Complaint is

Page 3 - FINDINGS and RECOMMENDATION and ORDER

July 9, 2001. Accordingly, the United States ordinarily would have been required to commence the suit by July 9, 2011. See 26 U.S.C. §6502(a)(1). However, the Lunds requested a collection due process hearing on or about July 8, 2002. The filing of the request for a hearing suspended the statute of limitations. See 26 U.S.C. §6330(e)(1). The IRS denied the Lunds' request on January 7, 2003. The Lunds had 30 days after the determination to appeal to the United States Tax Court, see 26 U.S.C. §6330(d)(1), but did not do so. Accordingly, the IRS's determination became final, and the statute of limitations for collecting taxes began to run again, on February 7, 2003, the date 31 days after the final decision. See 26 C.F.R. § 301.6330-1(g)(1). Therefore the statute of limitations was suspended from July 8, 2002, to February 6, 2003, a period of 214 days. As a consequence of the suspension, the United States had until February 8, 2012 - the date 214 days after July 9, 2001 - to commence a proceeding to collect the Lunds' taxes. This action was filed on January 12, 2012. It is timely.

A second event also suspended the statute of limitations with respect to Robert Lund (though not with respect to Colleen Lund). Robert Lund filed a bankruptcy petition on April 28, 2010. By filing the petition, Robert Lund again suspended the statute of limitations for the collection of taxes. See 26 U.S.C. §6503(h). The bankruptcy was dismissed on June 8, 2010, but the suspension period continued for another 6 months beyond that. §6503(h)(2). Accordingly, as to Robert Lund, the statute of limitations was supended from April 28, 2010, to December 8, 2010, an additional 225 days. Therefore, the United States had until the date 225 days after February 8, 2012 - September 20, 2012 - to file this action against Robert Lund. For this additional reason, the action was filed in a timely manner against him.

Page 4 - FINDINGS and RECOMMENDATION and ORDER

B. <u>Motions to Set Aside Default</u>

Pro se defendant Colleen Lund's motion (#39) to set aside her default is specifically not opposed by the United States as the United States is not prejudiced by it at this time. See Non Opposition Memo (#48). As such, the motion to set aside default is allowed and the default(# 29 ) is vacated . However, Colleen Lund shall file and Answer to the Complaint within 14 days, or the default will be reinstated.

C. <u>Motions for Judicial Notice</u>

Pro se defendants' motions (#40, #41, #42, #43) to take judicial notice of law are denied. None of the motions actually seek judicial notice. Judicial notice is a method of establishing facts that are not reasonably subject to dispute. <u>See</u> Fed. R. Evid. 201. The Lunds are making legal arguments.

D. <u>Motion for Relief from Certain Conferences</u>

The United States' Motion (#26) for relief from requirements to confer is allowed as pro se defendants only wish to confer by mail which defeats the purpose of conferring, i.e., the speedy and inexpensive resolution of litigation.

## CONCLUSION

Defendant Robert and Colleen Lund's motion (#34) to dismiss should be denied.

The United States' Motion (#26) for relief from requirements to confer is allowed.

Defendant Robert and Colleen Lunds' motions (#40, #41, #42, #43) to take judicial notice of law are denied.

Defendant Colleen Lund's motion (#39) to set aside her default is allowed and the default (#29) is vacated. Colleen Lund shall file and Answer to the Complaint within 14 days, or the default will be reinstated.

DATED this 31 day of August, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 6 - FINDINGS and RECOMMENDATION and ORDER