..............................................................................................................................................

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

UNITED STATES OF AMERICA,                                      6:12-CV-62-TC

                                        Plaintiff,

                        v.                        FINDINGS AND RECOMMENDATION

ROBERT A. LUND and COLLEEN L. LUND,

                                        Defendants.
_____

COFFIN, Magistrate Judge:

    This is a an action brought by plaintiff United States to reduce tax assessments to judgment.

In a prior adopted Findings & Recommendation (#52 , # 57 ), pro se defendants' motions to dismiss

based on timeliness were  denied.

    Presently before the court is plaintiff's motion (#59) for summary judgment.

Page 1 - FINDINGS AND RECOMMENDATION

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

Page 2 - FINDINGS AND RECOMMENDATION

**Discussion**

Robert and Colleen Lund passed income through an offshore trust. The Internal Revenue Service determined that the Lunds owed additional taxes from 1994, 1995 and 1996. The Lunds petitioned the Tax Court for review. The Tax Court held the Lunds were liable for taxes and penalties. The Lunds appealed, and the Ninth Circuit Court of Appeals affirmed. The Internal Revenue Service duly assessed against the Lunds the amounts that those courts found that they owed. The United States now seeks a judgment against the Lunds for the unpaid amounts of those assessments. Because there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law, the granting of plaintiff's motion for summary judgment is appropriate.

The United States has established that the Tax Court adjudication and determination affirmed by the Ninth Circuit is entitled to res judicata because: 1) there is an identity of the parties between the prior action and the present one; 2) there is an identity of claims; and 3) there is a final judgment on the merits in the prior action. As such, the matter is barred from being relitigated here. ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 969, 968 (9th Cir 2010).

The United States has adequately established in its motion that it is entitled to taxes, accuracy related penalties, interest, other penalties and fees.

Robert Lund's [1] sole contention in his Objection to the motion for summary judgment is that

---

[1] Colleen Lund originally had a default entered against her. She requested that it be set aside, citing a mistake of law. The United States was not opposed to the request and the Court set aside the default and ordered Colleen Lund to answer the Complaint within 14 days. She has not done so and has failed to respond in her own capacity to plaintiff's motion for summary judgment at all. The text of Robert Lund's Objection purports to be on behalf of Robert and

granting summary judgment would violate his right to a jury trial under the Seventh Amendment to the United States Constitution.   However, "[a]s the Supreme Court held, over one hundred years ago, a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial." In re Slatkin, 525 F.3d 805, 811 (9th Cir. 2008) (citing Fid. & Deposit Co. of Md. V. United States, 187 U.S. 315, 319-321 (1902)). " Where the evidence is so one -sided that one party must prevail as a matter of law," there is no need and no requirement to submit the case to a jury. See,  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

The United States is entitled to all of the amounts in their proposed judgments.


## Conclusion

Plaintiff United States'  motion (#59) for summary judgment should be allowed and the tax assessments should be reduced to judgment.  One signed Judgment with two parts  should be entered as follows: 1) judgment  entered in favor of the United States and against Robert Lund and Colleen Lund , jointly and severally, in the total amount of $1, 528, 741.29 as of October 31, 2012, plus interest continuing to accrue thereupon pursuant to 28 U.S.C. §1961  (c) and 26 U.S. C. §§ 6601, 6621, and 6622; and 2)  judgment  entered in favor of the United States and against Robert Lund in the total amount of $124.71 as of October 31, 2012,  plus interest continuing to accrue thereupon pursuant to 28 U.S.C. §1961  (c) and 26 U.S. C. §§ 6601, 6621, and 6622.

This Findings & Recommendation will be referred to a United States District Judge for review. Objections, if any, are due fourteen days after the date this Findings & Recommendation is filed.

---

Colleen, but is signed only by Robert and Robert, as a non-attorney,   cannot appear on Colleen's behalf.  Each of the Lunds have failed to advance any persuasive reason why the grant of summary judgment against them is improper despite the opportunity to do so.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court order, <u>Martinez v. Ylst</u> , 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings & Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings & Recommendation will go under advisement when that response is due or filed, whichever date is earlier.

DATED this 31 day of January, 2013 .

THOMAS M. COFFIN
United States Magistrate Judge